IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHLOE ALLEN and<br>SANDRA ALLEN as next friend of H.A.,<br><br>    Plaintiffs,<br><br>v.<br><br>ESCANABA AREA PUBLIC SCHOOLS and<br>ESCANABA AREA PUBLIC SCHOOLS<br>BOARD OF EDUCATION,<br><br>    Defendants. | Case No.<br><br>Judge:<br><br><br><br><br>**COMPLAINT and JURY DEMAND** |

## INTRODUCTION

1. Plaintiffs bring this action for violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C § 1681, *et. seq.*; the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983; Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); and Michigan's Freedom of Information Act ("FOIA").

2. This case arises out of, *inter alia,* the refusal of the Defendants to reasonably consider Chloe Allen for the Varsity Hockey Team because of her gender, and to then retaliate against her minor brother, H.A., by cutting him from the team after she asserted her right to try out for the team.

3. Plaintiffs' FOIA claims arise from the Defendants' refusal to provide documentation relevant to this dispute by falsely claiming that they were not obliged to provide it pursuant to FOIA.

## JURISDICTION AND VENUE

4. This case arises, in part, under the laws of the United States, specifically Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C § 1681, *et. seq.*; the Equal Protection Clause

of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. Accordingly this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

5. This Court holds supplemental jurisdiction over Plaintiffs' ELCRA and FOIA state law claims under 28 U.S.C. § 1367(a), because they are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.

6. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391. Defendants are located in this judicial district. Plaintiffs are residents of the State in which this district is located and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. Chloe Allen is a graduate of Escanaba Area Public Schools (EAPS) who was a senior during the 2022-2023 school year and who sought to try out for the EAPS Varsity Hockey Team.

8. H.A. is Chloe Allen's younger brother. H.A. currently attends EAPS and was a freshman during the 2022-2023 school year. He sought to try out for the EAPS Varsity Hockey Team. H.A. is a minor who, pursuant to Fed. R. Civ. P. 5.2, is designated only by his initials on documents filed with this Court.

9. Sandra Allen is the mother of Chloe Allen and H.A. and next friend of H.A., and she filed a discrimination complaint with the EAPS against the Varsity Hockey team after Chloe was denied the opportunity to try out for the team.

10. Escanaba Area Public Schools (EAPS) is the school district where Chloe Allen and H.A. were enrolled during the 2022-2023 school year, and it employs the individual co-defendants in this lawsuit.

11. EAPS Board of Education is the governing body of EAPS and is comprised of seven individuals elected by the voters of Escanaba, Michigan.

12. EAPS Board of Education is responsible for the operation, management, budgeting, and all other aspects of EAPS, including Escanaba Junior-Senior High School.

## FACTS

13. Chloe Allen was a high school senior at Escanaba Junior-Senior High School during the 2022-2023 school year.

14. Allen was a skilled hockey player who began playing hockey at age three and has been playing for boys' hockey teams for most of her life.

15. Allen wished to play hockey at her hometown of Escanaba, Michigan during her senior year of high school.

16. Tryouts for the Escanaba Junior-Senior High School Varsity Hockey Team were scheduled for October 31, 2022. Allen arrived for the first day of tryouts but was severely ill and had to leave minutes into the tryout.

17. Allen had been ill the day before, as evidenced by her having to call in sick to work the day prior to the tryout.

18. Escanaba Junior-Senior High School had rescheduled tryouts for athletic teams in the past, and even during the 2022-2023 Varsity Hockey Team tryouts it had already made later dates available for students in the nearby town of Gladstone, Michigan to try out.

19. When Allen sought to reschedule her tryout, EAPS Athletic Director David Wilson initially agreed to reschedule.

20. However, Escanaba Junior-Senior High School Varsity Hockey Coach Andrew Johnson shut down the prospects for rescheduling, telling Allen that, even if she were allowed to reschedule and try out, it would not make a difference because she would not make the team.

21. Johnson further told Allen that she was "not what [he] envisioned for the team".

22. On November 2, 2022, Allen sent the following email to A.D. Wilson:

3

> I know many of the boys on the team don't want me on the team but I don't think it's fair to me. I have the same talent as some of them and I've worked hard to get here. Since I was in middle school my goal was to play varsity my senior year and play other places prior[…] This is my senior year and being a girl sucks when it comes to hockey because it's not a "girl's sport" so I don't get treated the same as guys.

23. On November 7, 2022, Allen sent the following text message to Coach Johnson:

> If I come and try out and don't make it I will get made fun of by the guys and I just don't want to deal with that. […] I understand I wouldn't get a lot of playing time anyway, which is fine with me because it is better than nothing. The boys have always kinda shut me out when it comes to hockey and there's always been a wall between us which sucks but I've dealt with it. I want to be that girl that the little girls playing hockey look up to and not to give up playing hockey.

24. Because there is no Escanaba Junior-Senior High School girls' hockey team, Defendants were required to allow Allen equal opportunity and accommodation to try out for the boys' team.

25. When Allen asserted her right to try out for the team, Defendants retaliated by cutting her brother, H.A., from the team.

26. Upon information and belief, Allen and H.A. were the only applicants who did not make the Escanaba Junior-Senior High School Varsity team and were not selected as a practice player on the team.

27. Allen also offered to serve as the student manager or as a practice player, both of which would have allowed her to practice with the team and gain valuable experience even if she did not play in actual games.

28. The Escanaba Junior-Senior High School Varsity Hockey Team refused to allow her to serve in either of these roles, despite the fact that the use of student managers is contemplated under the Michigan High School Sports Association Coaches Guidebook. (See Appendix A, Section II: "Keep assistant coaches, student managers and statisticians well informed as to what is expected.")

29. The Escanaba Junior-Senior High School Varsity Hockey Team refused to allow her to serve as a student manager or as a practice player both because of its own discriminatory views, and

4

because it accommodated the discriminatory views of the male student hockey players, many of whom opposed having a female teammate.

30. Upon information and belief, the Escanaba Junior-Senior High School was unable to fill all the roster positions on its Varsity Hockey Team because it did not have a sufficient number of applicants.

31. According to the Michigan High School Sports Association Coaches Guidebook, hockey teams may have 22-23 players. The MHSAA Hockey 2022-2023 Rule Adaptations contain the following statement: "*PLAYERS IN UNIFORM – MHSAA Rules limit participating teams to a maximum of 23 players in uniform for each game. Schools may have more than 23 on rosters, and the roster may change from one game to the next, but only 23 may be in uniform and all roster players must be on the Master Eligibility List. The 23rd player on the roster must be a goaltender. Meaning 20 skaters and 3 goaltenders." However, there were only 17-18 players on the EAPS team.

32. After Escanaba Junior-Senior High School refused to allow Allen to try out or play for its Varsity Hockey team, she was accepted to play for the Traverse City girls' team, where she received a glowing recommendation from her coach but had to travel several hours each time she played and practiced there. Traverse City is approximately 250 miles from Escanaba.

33. Allen subsequently signed with Lake Superior State University to play collegiate hockey after high school.

34. After the Allen family filed an internal Title IX discrimination complaint on December 2, 2022, EAPS sought an internal investigation into the allegations of discrimination.

35. EAPS Superintendent Coby Fletcher told the Allens in a letter that the EAPS internal investigation revealed "a culture of hostility against female hockey players exists within the hockey program, which adversely impacted [Chloe Allen]."

36. According to Fletcher, EAPS required all members of the Varsity Hockey Team coaching staff and players to undergo training and instruction to prevent harassment and bullying in the future.

37. Following the Allen family's complaint of discrimination and retaliation, EAPS breached the requirement under 34 CFR § 106.71(a) that discrimination complaints remain confidential.

38. The Allen family has been shunned by fellow students and their communities. Long-term friendships have been severed. They have been removed and blocked from social media by friends and neighbors. This ostracism in a small community of Escanaba has caused great suffering to all members of the family.

39. On or about March 6, 2023, Plaintiffs, through their attorneys, requested the following documents pursuant to Michigan's Freedom of Information Act ("FOIA"), MCL 15.231 et. seq.: 1) the full report that EAPS commissioned in response to Allen's discrimination complaint; 2) any and all correspondence to or from EAPS officials or employees relating to this matter; 3) the EAPS Varsity Hockey Team roster; and 4) a list of all students who tried out but did not make the team.

40. Defendants refused to produce full documentation in response to requests (1) and (4), citing attorney-client privilege and claiming that it need not "make a compilation, summary, or report of information or create a new public record or answer questions in response to a FOIA request."

41. In redacting and refusing to produce a full copy of its investigative report, Defendants are denying Plaintiffs the right to EAPS' findings, analysis, results, and next steps in response to Plaintiffs' own discrimination complaint. Plaintiffs are left in the dark on these important issues that continue to affect them.

42. On or about April 24, 2023, Plaintiffs submitted a FOIA Appeal to Defendants.

43. On or about May 4, 2023, Defendants responded with a final determination, refusing to properly respond to the above-noted requests.

## COUNT I-VIOLATION OF TITLE IX
## DISPARATE TREATMENT
### Plaintiff Chloe Allen – All Defendants

44. Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

45. Plaintiff Chloe Allen asserts this Count against both Defendants.

46. Title IX is enforceable through a private cause of action.

47. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

48. Allen was at least as qualified as some of the other members of the Escanaba Junior-Senior High School 2022-2023 Varsity Hockey Team.

49. Defendants were aware that Allen was a female.

50. Defendants refused Allen the opportunity to try out for the team because she was a female.

51. As a direct and proximate result of defendants' violations of Chloe Allen's rights under Title IX, she has suffered severe and substantial damages, including economic damages, lost career and educational opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

52. Defendants are liable to Allen for her damages.

53. Pursuant to 42 U.S.C. § 1988, Allen is entitled to her attorneys' fees incurred in bringing this action.

## COUNT II-VIOLATION OF TITLE IX
## RETALIATION
**Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A. – All Defendants**

54. Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

55. Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A, assert this Count against both Defendants.

56. Retaliation against a person because that person, or that person's family member, has complained of sex discrimination is a form of intentional sex discrimination encompased by Title IX's private cause of action. When a funding recipient retaliates against a person or their family because the person participates in the investigation of allegations of discrimination, this constitutes intentional discrimination on the basis of sex in violation of Title IX.

57. Plaintiffs engaged in activity protected under Title IX when they filed a discrimination complaint with Defendants as it pertained to the refusal by EAPS to allow Chloe Allen to try out for the Varsity Hockey Team.

58. When Allen asserted her right to try out for the team, Defendants retaliated by cutting her brother, H.A., from the team..

59. Upon information and belief, H.A. is the only person who tried out who was cut from both the Varsity Hockey Team and the practice team.

60. Chloe Allen also suffered retaliation, including but not limited to, EAPS continuing its refusal to allow her to play hockey for its team, and refusing to let her skate in front of her peers and community during the School's Senior Night.

61. The Allens have also been subjected to retaliation by EAPS, which unlawfully revealed the complaint to members of the public, despite the fact that the complaint was supposed to remain confidential under 34 CFR § 106.71(a).

62. Defendants were aware of its retaliatory conduct and that of other members of the public, but condoned, tolerated or encouraged acts of retaliation, and/or it responded so inadequately that the response manifests indifference or unreasonableness under the circumstances.

63. The adverse actions against the Plaintiffs are directly related to their participation in the Title IX process and were taken to punish and intimidate the Plaintiffs.

64. The adverse actions against the Plaintiffs are likely to have a chilling effect on the willingness of Plaintiffs and other students to publicly criticize EAPS and its Title IX process.

65. Defendants' officials and administrators who had the authority to institute corrective measures had actual notice of and failed to correct the misconduct.

66. As a direct and proximate result of defendants' violations of Plaintiffs' rights under Title IX, Plaintiffs have suffered severe and substantial damages, including economic damages, lost career and educational opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

67. Defendants are liable to Plaintiffs for their damages.

68. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to attorneys' fees incurred in bringing this action.

## COUNT III
**VIOLATION OF 42 U.S.C. § 1983, 14TH AMEND. EQUAL PROTECTION CLAUSE**
**Plaintiffs Chloe Allen and Sandra Allen as next fiend of H.A. – All Defendants**

69. Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

70. Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., assert this Count against both Defendants.

71.     42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for duress…"

72.     The Fourteenth Amendment to the United States Constitution states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

73.     By discriminating against Plaintiffs in violation of Title IX and based on Chloe Allen's gender, Defendants violated Plaintiffs' rights to equal protection of the laws pursuant to 42 U.S.C. § 1983.

74.     Defendants discriminated against Plaintiffs by refusing to allow Allen to try out for the Varsity Hockey Team based on her female gender, and retaliating against Chloe Allen and H.A., in the manner described in this Complaint, in violation of Plaintiffs' right to equal protection of the laws. Defendants acted with reckless and callous indifference to Plaintiffs' rights.

75.     Plaintiffs are entitled to actual and punitive damages and damages for infliction of emotional distress pursuant to 42 U.S.C. § 1983.

76.     Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**VIOLATION OF 42 U.S.C. § 1983, 14TH AMENDMENT**
**SUBSTANTIVE AND PROCEDURAL DUE PROCESS**
**Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., – All Defendants**

77.     Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

78. Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., assert this Count against all Defendants.

79. 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for duress…"

80. The Fourteenth Amendment of the United States Constitution states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

81. By discriminating against Plaintiffs in violation of Title IX and based on Chloe Allen's gender, Defendants violated Plaintiffs' rights to substantive and procedural due process pursuant to 42 U.S.C. § 1983.

82. Defendants discriminated against Plaintiffs by refusing to allow Allen to try out for the Varsity Hockey Team based on her female gender, and retaliating against Chloe Allen and H.A., in the manner described in this Complaint, in violation of Plaintiffs' right to substantive and procedural due process pursuant to 42 U.S.C. § 1983.

83. Defendants' conduct was so arbitrary and irrational and so unjustified by any circumstance or government interest as to be incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.

84. Plaintiffs are entitled to actual and punitive damages for infliction of emotional distress pursuant to 42 U.S.C. § 1983.

85. Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1983.

## COUNT V
### VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT
#### Discrimination
#### Plaintiff Chloe Allen – All Defendants

86. Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.

87. Plaintiff Chloe Allen asserts this Count against Defendants Escanaba Area Public Schools Board of Education.

88. Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101-37-2804, provides a state cause of action. It states, in pertinent part: "An educational institution shall not do any of the following: (a) Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex."

89. Defendants denied Plaintiff Allen the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of EAPS because of her sex by refusing to allow her to try out for the Varsity Hockey Team based on her female gender.

90. Plaintiff suffered economic, non-economic, and other damages as a result of Defendants' violation of this Act.

91. This Act provides for injunctive relief, damages, and attorneys' fees.

92. Plaintiff is entitled to economic damages and injunctive relief under this Act.

93. Plaintiff is entitled to attorneys' fees under this Act.

## COUNT VI
### VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT
#### Retaliation
#### Plaintiffs Chloe Allen and Sandra Allen, as Next Friend of H.A. – All Defendants

94. Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

95. Plaintiffs Chloe Allen and Sandra Allen, as Next Friend of H.A., assert this Count against both Defendants.

96. Section 701 of this Act provides: "Two or more persons shall not conspire to, or a person shall not: (a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation proceeding, or hearing under this act. (b) Aid, abet, incite, compel, or coerce a person to engage in a violation of this act. (c) Attempt directly or indirectly to commit an act prohibited by this act. (d) Willfully interfere with the performance of a duty or the exercise of a power by the commission or 1 of its members or authorized representatives. (e) Willfully obstruct or prevent a person from complying with this act or an order issued or rule promulgated under this act. (f) Coerce, intimidate, threaten, or interfere with a person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

97. Defendants retaliated against Plaintiff Chloe Allen by continuing its refusal to allow her to play hockey for its team, and for refusing to allow her to participate in the School Senior Night because she filed a complaint against EAPS for refusing to allow her to try out for the Varsity Hockey Team.

98. Defendants retaliated against H.A. cutting him from the Varsity Hockey Team after Allen asserted her right to try out for the team.

99. Plaintiffs suffered economic and other damages as a result of Defendants' violation of this Act.

100. This Act provides for injunctive relief, damages and attorneys' fees.

101. Plaintiffs are entitled to economic damages and injunctive relief under this Act.

102. Plaintiffs are entitled to attorneys' fees under this Act.

## COUNT VII
## VIOLATION OF MICHIGAN'S FREEDOM OF INFORMATION ACT
### Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A.- – All Defendants

103. Plaintiffs repeat and incorporate all allegations of this Complaint, as if fully set forth herein.

104. Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., assert this Count against both Defendants.

105. Michigan's Freedom of Information Act, MCL 15.231 et. seq., states: "It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process."

106. Though Defendants have cited attorney-client privilege as the reason it has refused to provide information requested by Plaintiffs—most notably the report from the EAPS internal investigation into its hockey program which concluded that "a culture of hostility against female hockey players exists within the hockey program, which adversely impacted [Chloe Allen]"—this information is not protected by attorney-client privilege.

107. Specifically, although a law firm prepared the report, that firm was not acting in its capacity of attorney but as an investigator when it prepared the report.

108. Moreover, Defendants were obligated to produce a list of all students who tried out but did not make the hockey team, as such information is not a compilation, summary, report of information, a new public record or any other category of information exempt from disclosure under the Act.

109. Under Section 15.240 of this statute, when a court determines that a public body has violated the Act by refusal to provide copies of a public record, "the court shall order the public body

14

to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function."

110. Under Section 15.240 of this statute, a public body that has violated the Act by refusal to provide copies of a public record is liable for attorneys' fees and costs.

111. Defendants refused to produce information to Plaintiffs on the findings, analysis, results, and next steps of its investigation into their own discrimination complaint.

112. As such, Defendants willfully and intentionally refused to comply with the Act and is liable for a fine under MCL 15.240b.

113. As such, Defendants arbitrarily and capriciously violated the Act by refusing and delaying disclosure of a public record and is liable for fines and actual or compensatory damages and punitive damages under MCL 15.240(7).

114. Defendants wrongfully refused to provide items requested by Plaintiffs and is liable for fines, damages and attorneys' fees.

## JURY DEMAND

115. Plaintiffs hereby incorporate all previous sections of this Complaint and demand a trial by jury.

## CONCLUSION

WHEREFORE, Plaintiffs seek the following relief from this Court:

    A. Judgment in favor of Plaintiffs on all counts;

    B. A permanent injunction prohibiting further illegal conduct by Defendants;

  C. The full extent of damages allowed under the law in an amount to be shown at trial, including but not limited to actual and compensatory damages for past and future pecuniary losses, non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, punitive damages, exemplary damages, and loss of enjoyment to life;

  D. Court costs, interest, and other reasonable expenses incurred in pursuing this action, including reasonable attorneys' fees as authorized by law; and

  E. Any other relief this Court deems just and proper.

Respectfully submitted,

Gregory, Moore, Brooks & Clark, P.C.

/S/ Matthew J. Clark
Matthew J. Clark (P76690)
Rachel N. Helton (P61885)
Attorneys for Plaintiff
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net
rachel@unionlaw.net

October 24, 2023