UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CHLOE ALLEN and SANDRA
ALLEN as next friend of H.A,

          Plaintiffs,                   Judge Hala Y. Jarbou
                                          Magistrate Judge Maarten Vermaat
v                                           No. 23-00200

ESCANABA AREA PUBLIC SCHOOLS,

          Defendant.

_____/

| | |
|---|---|
| Matthew J. Clark (P76690) | Timothy J. Mullins (P28021) |
| Rachel N. Helton (P61885) | John L. Miller (P71913) |
| Gregory, Moore, Brooks & Clark, P.C. | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| 28 West Adams, Suite 300 | 101 W. Big Beaver Road, 10th Floor |
| Detroit, MI 48226-1613 | Troy, MI 48084-5280 |
| (313) 964-5600 | (248) 457-7188 |
| matt@unionlaw.net | tmullins@gmhlaw.com |
| rachel@unionlaw.net | jmiller@gmhlaw.com |

## **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

      Defendant, ESCANABA AREA PUBLIC SCHOOLS, including the improperly named

ESCANABA AREA PUBLIC SCHOOLS BOARD OF EDUCATION, which is a constituent part

of a Michigan Public School District as provided by the Michigan Revised School Code, by and

through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., states its Answer to Plaintiffs'

Complaint as follows:

      1.      Plaintiffs bring this action for violation of Title IX of the Education Amendments

of 1972 ("Title IX"), 20 U.S.C § 1681, *et. seq.*; the Equal Protection Clause of the Fourteenth

Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983; Michigan's Elliott-

Larsen Civil Rights Act ("ELCRA"); and Michigan's Freedom of Information Act ("FOIA").

**RESPONSE:** Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

2. This case arises out of, *inter alia,* the refusal of the Defendants to reasonably consider Chloe Allen for the Varsity Hockey Team because of her gender, and to then retaliate against her minor brother, H.A., by cutting him from the team after she asserted her right to try out for the team.

**RESPONSE:** Defendant denies the allegations contained therein for the reason that they are untrue. Plaintiff CA was not discriminated against because of her sex. Furthermore, despite Title IX EXPRESSLY not applying to contact sports such as hockey, Plaintiff CA was still afforded the opportunity to try out. However, she left the tryout without saying anything to the coaching staff. Still, the coach offered a makeup date. Plaintiff CA, again, failed to attend. At that juncture, the team had been picked and the season was underway. Additionally, Plaintiff CA did not have the skill or ability to compete on Boys' Varsity Hockey. For example, Plaintiff CA had NEVER played on a "check" hockey team. Checking hockey is much different than "no check" hockey. Plaintiff HA was cut from the team prior to any "complaint" being made. That makes this retaliation claim spurious and frivolous. Furthermore, Plaintiff HA is on the varsity hockey team the 23/24 season, which disapproves causation.

3. Plaintiffs' FOIA claims arise from the Defendants' refusal to provide documentation relevant to this dispute by falsely claiming that they were not obliged to provide it pursuant to FOIA.

**RESPONSE:** Defendant denies the allegations contained therein for the reason that they are untrue. All FOIA requests were properly and timely answered.

## JURISDICTION AND VENUE

4.      This case arises, in part, under the laws of the United States, specifically Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C § 1681, *et. seq.*; the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. Accordingly this Court has jurisdiction under 28 U.S.C. § § 1331 and 1343.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

5.      This Court holds supplemental jurisdiction over Plaintiffs' ELCRA and FOIA state law claims under 28 U.S.C. § 1367(a), because they are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

6.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391. Defendants are located in this judicial district. Plaintiffs are residents of the State in which this district is located and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

## PARTIES

7.      Chloe Allen is a graduate of Escanaba Area Public Schools (EAPS) who was a senior during the 2022-2023 school year and who sought to try out for the EAPS Varsity Hockey Team.

**RESPONSE:  Admitted in part and denied in part. Plaintiff CA left the tryout WITHOUT**

even talking to a coach. **Additionally, when given an accommodation of a makeup tryout, she did not attend.**

8.     H.A. is Chloe Allen's younger brother. H.A. currently attends EAPS and was a freshman during the 2022-2023 school year. He sought to try out for the EAPS Varsity Hockey Team. H.A. is a minor who, pursuant to Fed. R. Civ. P. 5.2, is designated only by his initials on documents filed with this Court.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. Defendant affirmatively states that HA was cut from the team prior to Plaintiffs' alleged protected activity.**

9.     Sandra Allen is the mother of Chloe Allen and H.A. and next friend of H.A., and she filed a discrimination complaint with the EAPS against the Varsity Hockey team after Chloe was denied the opportunity to try out for the team.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

10.     Escanaba Area Public Schools (EAPS) is the school district where Chloe Allen and H.A. were enrolled during the 2022-2023 school year, and it employs the individual co-defendants in this lawsuit.

**RESPONSE:  Denied in the manner alleged. There are no "individual co-defendants" named in this lawsuit.**

11.     EAPS Board of Education is the governing body of EAPS and is comprised of seven individuals elected by the voters of Escanaba, Michigan.

**RESPONSE:  Denied in the manner alleged. Under well settled law, a "board of education"**

**is not an appropriate party.**

12.    EAPS Board of Education is responsible for the operation, management, budgeting, and all other aspects of EAPS, including Escanaba Junior-Senior High School.

**RESPONSE: Denied in the manner alleged. Under well settled law, a "board of education" is not an appropriate party.**

## FACTS

13.    Chloe Allen was a high school senior at Escanaba Junior-Senior High School during the 2022-2023 school year.

**RESPONSE: Admitted.**

14.    Allen was a skilled hockey player who began playing hockey at age three and has been playing for boys' hockey teams for most of her life.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are untrue.**

15.    Allen wished to play hockey at her hometown of Escanaba, Michigan during her senior year of high school.

**RESPONSE: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

16.    Tryouts for the Escanaba Junior-Senior High School Varsity Hockey Team were scheduled for October 31, 2022. Allen arrived for the first day of tryouts but was severely ill and had to leave minutes into the tryout.

**RESPONSE: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

17.    Allen had been ill the day before, as evidenced by her having to call in sick to work

the day prior to the tryout.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

18.    Escanaba Junior-Senior High School had rescheduled tryouts for athletic teams in the past, and even during the 2022-2023 Varsity Hockey Team tryouts it had already made later dates available for students in the nearby town of Gladstone, Michigan to try out.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

19.    When Allen sought to reschedule her tryout, EAPS Athletic Director David Wilson initially agreed to reschedule.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. Plaintiff was offered a new date, but she failed to attend. At that point, the team had been picked and the season was beginning.**

20.    However, Escanaba Junior-Senior High School Varsity Hockey Coach Andrew Johnson shut down the prospects for rescheduling, telling Allen that, even if she were allowed to reschedule and try out, it would not make a difference because she would not make the team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

21.    Johnson further told Allen that she was "not what [he] envisioned for the team".

**RESPONSE:  Denied in the manner alleged. CA was told that she did not have the experience, skill, or talent to play Boys Varsity Hockey.**

22.    On November 2, 2022, Allen sent the following email to A.D. Wilson:

I know many of the boys on the team don't want me on the team but I don't think it's fair to me. I have the same talent as some of them and I've worked hard to get here. Since I was in middle school my goal was to play varsity my senior year and play other places prior[…] This is my senior year and being a girl sucks when it comes to hockey because it's not a "girl's sport" so I don't get treated the same as guys.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

23.    On November 7, 2022, Allen sent the following text message to Coach Johnson:

If I come and try out and don't make it I will get made fun of by the guys and I just don't want to deal with that. […] I understand I wouldn't get a lot of playing time anyway, which is fine with me because it is better than nothing. The boys have always kinda shut me out when it comes to hockey and there's always been a wall between us which sucks but I've dealt with it. I want to be that girl that the little girls playing hockey look up to and not to give up playing hockey.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

24.    Because there is no Escanaba Junior-Senior High School girls' hockey team, Defendant was required to allow Allen equal opportunity and accommodation to try out for the boys' team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue. Title IX Rules say the exact opposite.**

25.    When Allen asserted her right to try out for the team, Defendants retaliated by cutting her brother, H.A., from the team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue. HA was cut BEFORE this.**

26.    Upon information and belief, Allen and H.A. were the only applicants who did not make the Escanaba Junior-Senior High School Varsity team and were not selected as a practice player on the team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are**
**untrue.**

27.    Allen also offered to serve as the student manager or as a practice player, both of
which would have allowed her to practice with the team and gain valuable experience even if she
did not play in actual games.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack**
**of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

28.    The Escanaba Junior-Senior High School Varsity Hockey Team refused to allow
her to serve in either of these roles, despite the fact that the use of student managers is contemplated
under the Michigan High School Sports Association Coaches Guidebook. (See Appendix A,
Section II: "Keep assistant coaches, student managers and statisticians well informed as to what is
expected.")

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are**
**untrue.**

29.    The Escanaba Junior-Senior High School Varsity Hockey Team refused to allow
her to serve as a student manager or as a practice player both because of its own discriminatory
views, and because it accommodated the discriminatory views of the male student hockey players,
many of whom opposed having a female teammate.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are**
**untrue.**

30.    Upon information and belief, the Escanaba Junior-Senior High School was unable
to fill all the roster positions on its Varsity Hockey Team because it did not have a sufficient number
of applicants.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

31.    According to the Michigan High School Sports Association Coaches Guidebook, hockey teams may have 22-23 players. The MHSAA Hockey 2022-2023 Rule Adaptations contain the following statement: "*PLAYERS IN UNIFORM – MHSAA Rules limit participating teams to a maximum of 23 players in uniform for each game.  Schools may have more than 23 on rosters, and the roster may change from one game to the next, but only 23 may be in uniform and all roster players must be on the Master Eligibility List.  The 23rd player on the roster must be a goaltender. Meaning 20 skaters and 3 goaltenders." However, there were only 17-18 players on the EAPS team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

32.    After Escanaba Junior-Senior High School refused to allow Allen to try out or play for its Varsity Hockey team, she was accepted to play for the Traverse City girls' team, where she received a glowing recommendation from her coach but had to travel several hours each time she played and practiced there. Traverse City is approximately 250 miles from Escanaba.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

33.    Allen subsequently signed with Lake Superior State University to play collegiate hockey after high school.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. Upon a review of this season's stats, it would appear Plaintiff CA has not had any playing**

9

**time.**

34.    After the Allen family filed an internal Title IX discrimination complaint on December 2, 2022, EAPS sought an internal investigation into the allegations of discrimination.

**RESPONSE:  It is admitted that the School District appropriately investigated the complaint by retaining an outside law firm. The outside law firm determined that there was no violation of state or federal civil rights statutes.**

35.    EAPS Superintendent Coby Fletcher told the Allens in a letter that the EAPS internal investigation revealed "a culture of hostility against female hockey players exists within the hockey program, which adversely impacted [Chloe Allen]."

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

36.    According to Fletcher, EAPS required all members of the Varsity Hockey Team coaching staff and players to undergo training and instruction to prevent harassment and bullying in the future.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. It is admitted that the Superintendent, despite no violation, implemented remedial measures.**

37.    Following the Allen family's complaint of discrimination and retaliation, EAPS breached the requirement under 34 CFR § 106.71(a) that discrimination complaints remain confidential.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

38.    The Allen family has been shunned by fellow students and their communities.

Long-term friendships have been severed. They have been removed and blocked from social media by friends and neighbors. This ostracism in a small community of Escanaba has caused great suffering to all members of the family.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

39.    On or about March 6, 2023, Plaintiffs, through their attorneys, requested the following documents pursuant to Michigan's Freedom of Information Act ("FOIA"), MCL 15.231 et. seq.: 1) the full report that EAPS commissioned in response to Allen's discrimination complaint; 2) any and all correspondence to or from EAPS officials or employees relating to this matter; 3) the EAPS Varsity Hockey Team roster; and 4) a list of all students who tried out but did not make the team.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

40.    Defendants refused to produce full documentation in response to requests (1) and (4), citing attorney-client privilege and claiming that it need not "make a compilation, summary, or report of information or create a new public record or answer questions in response to a FOIA request."

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

41.    In redacting and refusing to produce a full copy of its investigative report, Defendants are denying Plaintiffs the right to EAPS' findings, analysis, results, and next steps in response to Plaintiffs' own discrimination complaint. Plaintiffs are left in the dark on these important issues that continue to affect them.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are untrue.**

42.    On or about April 24, 2023, Plaintiffs submitted a FOIA Appeal to Defendants.

**RESPONSE: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

43.    On or about May 4, 2023, Defendants responded with a final determination, refusing to properly respond to the above-noted requests.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are untrue.**

## COUNT I-VIOLATION OF TITLE IX
### DISPARATE TREATMENT
### Plaintiff Chloe Allen – All Defendants

44.    Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

**RESPONSE: Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 43 inclusive, as if fully set forth herein**

45.    Plaintiff Chloe Allen asserts this Count against both Defendants.

**RESPONSE: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

46.    Title IX is enforceable through a private cause of action.

**RESPONSE: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

47.    Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under

12

any education program or activity receiving Federal financial assistance."

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

48.     Allen was at least as qualified as some of the other members of the Escanaba Junior-Senior High School 2022-2023 Varsity Hockey Team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

49.     Defendants were aware that Allen was a female.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

50.     Defendants refused Allen the opportunity to try out for the team because she was a female.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

51.     As a direct and proximate result of defendants' violations of Chloe Allen's rights under Title IX, she has suffered severe and substantial damages, including economic damages, lost career and educational opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue. Furthermore, damages claimed are not recoverable in such action.**

52.     Defendants are liable to Allen for her damages.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are**

**untrue.**

53.     Pursuant to 42 U.S.C. § 1988, Allen is entitled to her attorneys' fees incurred in bringing this action.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

**COUNT II-VIOLATION OF TITLE IX
RETALIATION
Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A. – All Defendants**

54.     Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

**RESPONSE: Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 53 inclusive, as if fully set forth herein**

55.     Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A, assert this Count against both Defendants.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

56.     Retaliation against a person because that person, or that person's family member, has complained of sex discrimination is a form of intentional sex discrimination encompassed by Title IX's private cause of action. When a funding recipient retaliates against a person or their family because the person participates in the investigation of allegations of discrimination, this constitutes intentional discrimination on the basis of sex in violation of Title IX.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

57.     Plaintiffs engaged in activity protected under Title IX when they filed a

discrimination complaint with Defendants as it pertained to the refusal by EAPS to allow Chloe Allen to try out for the Varsity Hockey Team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

58.    When Allen asserted her right to try out for the team, Defendants retaliated by cutting her brother, H.A., from the team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

59.    Upon information and belief, H.A. is the only person who tried out who was cut from both the Varsity Hockey Team and the practice team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

60.    Chloe Allen also suffered retaliation, including but not limited to, EAPS continuing its refusal to allow her to play hockey for its team, and refusing to let her skate in front of her peers and community during the School's Senior Night.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

61.    The Allens have also been subjected to retaliation by EAPS, which unlawfully revealed the complaint to members of the public, despite the fact that the complaint was supposed to remain confidential under 34 CFR § 106.71(a).

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

62.    Defendants were aware of its retaliatory conduct and that of other members of the

public, but condoned, tolerated or encouraged acts of retaliation, and/or it responded so inadequately that the response manifests indifference or unreasonableness under the circumstances.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

63.    The adverse actions against the Plaintiffs are directly related to their participation in the Title IX process and were taken to punish and intimidate the Plaintiffs.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

64.    The adverse actions against the Plaintiffs are likely to have a chilling effect on the willingness of Plaintiffs and other students to publicly criticize EAPS and its Title IX process.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

65.    Defendants' officials and administrators who had the authority to institute corrective measures had actual notice of and failed to correct the misconduct.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

66.    As a direct and proximate result of defendants' violations of Plaintiffs' rights under Title IX, Plaintiffs have suffered severe and substantial damages, including economic damages, lost career and educational opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are**

untrue.

67.    Defendants are liable to Plaintiffs for their damages.

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are**

**untrue.**

68.    Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to attorneys' fees incurred in

bringing this action.

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are**

**untrue.**

**COUNT III**
**VIOLATION OF 42 U.S.C. § 1983, 14TH AMEND. EQUAL PROTECTION CLAUSE**
**Plaintiffs Chloe Allen and Sandra Allen as next fiend of H.A. – All Defendants**

69.    Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set

forth herein.

**RESPONSE:** **Defendant hereby incorporates by reference its responses contained in**

**paragraphs 1 through 68 inclusive, as if fully set forth herein**

70.    Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., assert this Count

against both Defendants.

**RESPONSE:** **Defendant neither admits nor denies the allegations contained therein for lack**

**of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

71.    42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance,

regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or

causes to be subjected any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding

for duress…"

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

72.    The Fourteenth Amendment to the United States Constitution states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

73.    By discriminating against Plaintiffs in violation of Title IX and based on Chloe Allen's gender, Defendants violated Plaintiffs' rights to equal protection of the laws pursuant to 42 U.S.C. § 1983.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

74.    Defendants discriminated against Plaintiffs by refusing to allow Allen to try out for the Varsity Hockey Team based on her female gender, and retaliating against Chloe Allen and H.A., in the manner described in this Complaint, in violation of Plaintiffs' right to equal protection of the laws. Defendants acted with reckless and callous indifference to Plaintiffs' rights.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

75.    Plaintiffs are entitled to actual and punitive damages and damages for infliction of emotional distress pursuant to 42 U.S.C. § 1983.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are**

untrue.

76.      Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1983.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are**

**untrue.**

**COUNT IV**
**VIOLATION OF 42 U.S.C. § 1983, 14TH AMENDMENT**
**SUBSTANTIVE AND PROCEDURAL DUE PROCESS**
**Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., – All Defendants**

77.      Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set

forth herein.

**RESPONSE: Defendant hereby incorporates by reference its responses contained in**

**paragraphs 1 through 76 inclusive, as if fully set forth herein**

78.      Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., assert this Count

against all Defendants.

**RESPONSE: Defendant neither admits nor denies the allegations contained therein for lack**

**of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

79.      42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance,

regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or

causes to be subjected any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding

for duress…"

**RESPONSE: Defendant neither admits nor denies the allegations contained therein for lack**

**of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

80.      The Fourteenth Amendment of the United States Constitution states: "No State

shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**RESPONSE:** **Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

81.    By discriminating against Plaintiffs in violation of Title IX and based on Chloe Allen's gender, Defendants violated Plaintiffs' rights to substantive and procedural due process pursuant to 42 U.S.C. § 1983.

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are untrue.**

82.    Defendants discriminated against Plaintiffs by refusing to allow Allen to try out for the Varsity Hockey Team based on her female gender, and retaliating against Chloe Allen and H.A., in the manner described in this Complaint, in violation of Plaintiffs' right to substantive and procedural due process pursuant to 42 U.S.C. § 1983.

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are untrue.**

83.    Defendants' conduct was so arbitrary and irrational and so unjustified by any circumstance or government interest as to be incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are untrue.**

84.    Plaintiffs are entitled to actual and punitive damages for infliction of emotional distress pursuant to 42 U.S.C. § 1983.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

85.    Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1983.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

**COUNT V**
**VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**Discrimination**
**Plaintiff Chloe Allen – All Defendants**

86.    Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.

**RESPONSE:  Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 85 inclusive, as if fully set forth herein**

87.    Plaintiff Chloe Allen asserts this Count against Defendants Escanaba Area Public Schools Board of Education.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

88.    Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101-37-2804, provides a state cause of action. It states, in pertinent part: "An educational institution shall not do any of the following: (a) Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex."

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

89.    Defendants denied Plaintiff Allen the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations of EAPS because of her sex by refusing to allow her to try out for the Varsity Hockey Team based on her female gender.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

90.    Plaintiff suffered economic, non-economic, and other damages as a result of Defendants' violation of this Act.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

91.    This Act provides for injunctive relief, damages, and attorneys' fees.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

92.    Plaintiff is entitled to economic damages and injunctive relief under this Act.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

93.    Plaintiff is entitled to attorneys' fees under this Act.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

**COUNT VI**
**VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**Retaliation**
**Plaintiffs Chloe Allen and Sandra Allen, as Next Friend of H.A. – All Defendants**

94.    Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

**RESPONSE: Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 93 inclusive, as if fully set forth herein**

22

95.     Plaintiffs Chloe Allen and Sandra Allen, as Next Friend of H.A., assert this Count against both Defendants.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

96.     Section 701 of this Act provides: "Two or more persons shall not conspire to, or a person shall not: (a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation proceeding, or hearing under this act. (b) Aid, abet, incite, compel, or coerce a person to engage in a violation of this act. (c) Attempt directly or indirectly to commit an act prohibited by this act. (d) Willfully interfere with the performance of a duty or the exercise of a power by the commission or 1 of its members or authorized representatives. (e) Willfully obstruct or prevent a person from complying with this act or an order issued or rule promulgated under this act. (f) Coerce, intimidate, threaten, or interfere with a person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

97.     Defendants retaliated against Plaintiff Chloe Allen by continuing its refusal to allow her to play hockey for its team, and for refusing to allow her to participate in the School Senior Night because she filed a complaint against EAPS for refusing to allow her to try out for the Varsity Hockey Team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

98.    Defendants retaliated against H.A. cutting him from the Varsity Hockey Team after Allen asserted her right to try out for the team.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

99.    Plaintiffs suffered economic and other damages as a result of Defendants' violation of this Act.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are untrue.**

100.    This Act provides for injunctive relief, damages and attorneys' fees.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are untrue.**

101.    Plaintiffs are entitled to economic damages and injunctive relief under this Act.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are untrue.**

102.    Plaintiffs are entitled to attorneys' fees under this Act.

**RESPONSE: Defendant denies the allegations contained therein for the reason that they are untrue.**

**COUNT VII**
**VIOLATION OF MICHIGAN'S FREEDOM OF INFORMATION ACT**
**Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A.- – All Defendants**

103.    Plaintiffs repeat and incorporate all allegations of this Complaint, as if fully set forth herein.

**RESPONSE: Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 102 inclusive, as if fully set forth herein.**

104.    Plaintiffs Chloe Allen and Sandra Allen, as next friend of H.A., assert this Count against both Defendants.

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

105.    Michigan's Freedom of Information Act, MCL 15.231 et. seq., states: "It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process."

**RESPONSE:  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.**

106.    Though Defendants have cited attorney-client privilege as the reason it has refused to provide information requested by Plaintiffs—most notably the report from the EAPS internal investigation into its hockey program which concluded that "a culture of hostility against female hockey players exists within the hockey program, which adversely impacted [Chloe Allen]"—this information is not protected by attorney-client privilege.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

107.    Specifically, although a law firm prepared the report, that firm was not acting in its capacity of attorney but as an investigator when it prepared the report.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

108.    Moreover, Defendants were obligated to produce a list of all students who tried out but did not make the hockey team, as such information is not a compilation, summary, report of information, a new public record or any other category of information exempt from disclosure under the Act.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

109.    Under Section 15.240 of this statute, when a court determines that a public body has violated the Act by refusal to provide copies of a public record, "the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function."

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

110.    Under Section 15.240 of this statute, a public body that has violated the Act by refusal to provide copies of a public record is liable for attorneys' fees and costs.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are untrue.**

111.    Defendants refused to produce information to Plaintiffs on the findings, analysis, results, and next steps of its investigation into their own discrimination complaint.

**RESPONSE:  Defendant denies the allegations contained therein for the reason that they are**

**untrue.**

112.    As such, Defendants willfully and intentionally refused to comply with the Act and is liable for a fine under MCL 15.240b.

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are untrue.**

113.    As such, Defendants arbitrarily and capriciously violated the Act by refusing and delaying disclosure of a public record and is liable for fines and actual or compensatory damages and punitive damages under MCL 15.240(7).

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are untrue.**

114.    Defendants wrongfully refused to provide items requested by Plaintiffs and is liable for fines, damages and attorneys' fees.

**RESPONSE:** **Defendant denies the allegations contained therein for the reason that they are untrue.**

WHEREFORE, Defendant, ESCANABA AREA PUBLIC SCHOOLS, respectfully requests that this Honorable Court enter an order of no cause of action as to Defendant, together with costs and attorney fees so wrongfully sustained.

/s/JOHN L. MILLER
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: December 20, 2023

## AFFIRMATIVE DEFENSES

Defendant, ESCANABA AREA PUBLIC SCHOOLS, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., states its Affirmative Defenses as follows:

1.      Plaintiffs have failed to state a cause of action upon which relief can be granted.

2.      Claims such as these—involving discretionary coaching decisions—are non-judiciable.

3.      Title IX expressly provides that it does not apply to females playing on boy contact sport teams. 34 C.F.R. § 106.41(b)

4.      Plaintiffs' claims for sexual discrimination and retaliation pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq, and Title IX of the Civil Rights Acts of 1964, as amended, 42 USC Section 2000d et seq, and § 1983 are barred, as the actions were taken for legitimate, non-discriminatory and non-retaliatory reasons.

5.      Defendant was not provided notice of any unwelcome sexual conduct or communication for which it did not take prompt remedial action.

6.      Any allegations of harassment/discrimination made by Plaintiffs were promptly investigated by Defendant.

7.      Any allegations of harassment made by Plaintiff are not sufficiently severe or pervasive to create a hostile educational environment.

8.      The damages sought are not recoverable based on US Supreme Court precedent. *See Cummings* v. *Premier Rehab Keller* and subsequent case law flowing therefrom.

9.      Plaintiffs' claims for equitable relief, injunction and declaratory relief are barred as they have an adequate remedy at law, cannot demonstrate a likelihood of success, and cannot otherwise show the perquisites for such relief.

10.     Plaintiffs' claims for equitable relief, injunctive and declaratory relief are barred, in whole or part, by the doctrine of laches and unclean hands.

11.     Plaintiffs' claims for equitable relief, injunctive and declaratory relief are barred by

their failure to plead and establish the necessary elements for this relief.

12.    There is no fundamental right to play HS sports, so it cannot form the basis of substantive due process claim or procedural due process claim.

13.    Defendant has written policies and procedures prohibiting discrimination, retaliation, and harassment. These policies are communicated to all members of the school community and are enforced by school administration.

14.    Plaintiffs' claims are barred by their failure to timely and properly exhaust all necessary administrative, statutory or jurisdictional prerequisites for the commencement of this action.

15.    Defendant will show that at all times relevant hereto, it was engaged in a governmental function acting within the scope of its authority and, as such, is immune from suit for civil damages as set forth in Plaintiffs' Complaint.

16.    Defendant will show that at all times relevant hereto, it acted without malice, ill will and in good faith in the performance of its duties and, as a result, is immune from suit and recovery by Plaintiffs in this case.

17.    Defendant will show that Plaintiffs have failed to prove any deprivation of a Federal right, nor have Plaintiffs alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon a constitutional or statutory right. In particular, there has been no deprivation that was taken under color of law that would give rise to an action pursuant to a Civil Rights Act or 42 USC §1983.

18.    Defendant will show and rely upon at the time of trial that Plaintiffs, as a matter of law, are not entitled to exemplary or punitive damages or attorney fees.

19.    Defendant will show and rely upon at the time of trial that Plaintiffs' claims are

preempted by Federal law or State law.

20.     Defendant will show and rely upon at the time of trial that it is not subject to liability under the relevant statutes.

21.     This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint in whole or in part.

22.     Defendant will show at the time of trial that all actions complained of in Plaintiffs' Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan.

23.     Plaintiffs' claim is barred by the expiration of the Statute of Limitations.

24.     Defendant will show and rely upon at the time of trial that Plaintiffs had a history of unsatisfactory performance in comparison to similarly situated student athletes that were part of the team.

25.     Defendant will show and rely upon at the time of trial that Plaintiffs have failed to mitigate their damages, if any.

26.     Defendant will show and rely upon at the time of trial that at all times, it was acting in good faith for legitimate non-discriminatory educational/competitive reasons.

27.     Plaintiffs' cause of action is barred because Plaintiff student unreasonably failed to take advantage of any preventative or corrective opportunities provided by the School District to avoid harm otherwise.

28.     Plaintiffs' claim is moot and otherwise not justiciable.

29.     Plaintiffs' claims are barred by qualified immunity.

30.     The FOIA does not provide a time limit for when materials granted under FOIA request must be produced. Defendant produced documents requested within a reasonable time

period. *See Cramer v Oakley*, No 330736 (Mich App 2016).

31.    Plaintiffs are not entitled to an award of attorney fees.

32.    Defendant will show that it has fully complied with its obligations under the FOIA.

33.    Plaintiffs are seeking relief not allowed under the FOIA and, as such, the Court lacks subject matter jurisdiction in that regard.

34.    Defendant will show and rely upon at the time of trial that disclosure of the requested documentation and/or information is protected by and/or prohibited by state statute.

35.    Defendant will show and rely upon at the time of trial that disclosure requested by Plaintiffs would be contrary to the provisions of state and federal law.

36.    "[N]onexistence of a record is a defense for the failure to produce or allow access to the record." *Metcalf v. Grand Ledge Pub. Sch.*, No. 358259, 2022 WL 568503, at *8 (Mich. Ct. App. Feb. 24, 2022) (quoting *Hartzell v Mayville Community Sch Dist*, 183 Mich App 782, 787; 455 NW2d 411 (1990)). FOIA "only gives a right of access to records in existence." *Id.*

37.    The FOIA excludes from disclosure "[i]nformation or records subject to the attorney-client privilege." M.C.L. § 15.243(1)(h). The attorney-client privilege attaches to communications made by a client to an attorney acting as a legal adviser and made for the purpose of obtaining legal advice. *Herald Co. v. Ann Arbor Pub. Sch.*, 224 Mich. App. 266, 279, 568 N.W.2d 411, 417 (1997) (citing *Taylor v. Blue Cross & Blue Shield of Michigan,* 205 Mich.App. 644, 654, 517 N.W.2d 864 (1994)).

38.    The privilege for attorney work product is recognized by court rule, MCR 2.302(B)(3)(a), and incorporated into the FOIA through section 13(1)(h). When information sought pursuant to the FOIA is identified as attorney work product, it is not subject to disclosure.

39.    Student records possessed by public bodies that are subject to the act are exempt

from disclosure if the release of the record would prevent compliance with the Family Educational

Rights and Privacy Act of 1974, 20 USC 1232g. MCL 15.243(2).

40.    Plaintiffs' lawsuit seeks to infringe upon the First Amendment rights of other

students and community members.

41.    Defendant reserves the right to amend these Affirmative Defenses as further

information becomes known through the investigation and discovery process.

/s/JOHN L. MILLER
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: December 20, 2023

## RELIANCE UPON JURY DEMAND

Defendant, ESCANABA AREA PUBLIC SCHOOLS, by and through its attorneys,

GIARMARCO, MULLINS & HORTON, P.C., hereby relies upon the jury demand previously filed

by Plaintiff as to all issues of trial.

/s/JOHN L. MILLER
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: December 20, 2023

## CERTIFICATE OF ELECTRONIC SERVICE

JOHN L. MILLER states that on December 20, 2023, he did serve a copy of his **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

/s/JOHN L. MILLER  P71913
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant
114 Elm Avenue
Munising, MI 49862
(248) 457-7188
jmiller@gmhlaw.com